# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30053

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2015

Lyle W. Cayce
Clerk

HEATHER BERNARD,

Plaintiff – Appellant

v.

BISHOP NOLAND EPISCOPAL DAY SCHOOL,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-3284

Before STEWART, Chief Judge, and CLEMENT and ELROD, Circuit Judges.

PER CURIAM:*

Heather Bernard appeals the district court's judgment in favor of Bishop Noland Episcopal Day School (the Day School) on Bernard's claims of interference with her rights under the Family and Medical Leave Act (FMLA) and failure to notify her of her rights under the FMLA. Following a bench trial, the district court found that Bernard was validly terminated for reasons unrelated to the exercise of her FMLA rights and that she had not established

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30053

prejudice resulting from her lack of individualized notice. Because these findings are not clearly erroneous, we AFFIRM.

## I.

Bernard was a kindergarten teacher at the Day School in Lake Charles, Louisiana. Shortly before the 2012–13 academic year, Bernard contacted Day School officials to inquire about long-term sick leave so that she could receive treatment for anorexia. Vice Principal Amelia Yakupzack informed Bernard that she had accrued 16.75 days of paid sick leave and that, according to Day School policy, Bernard was also entitled to one month off at full pay, a second month off at half pay, and a third month off at one-third pay. Neither Yakupzack nor the Day School handbook described the leave as FMLA leave, and Bernard never received individualized notice of her right to medical leave under the FMLA.

Bernard was not ready to return to work when the school year started, so she took advantage of the Day School's leave program. Bernard eventually returned to work of her own accord on October 8, 2012, before exhausting her partially paid leave. Bernard's medical team conditioned Bernard's return on her: (1) receiving regular treatment from all members of her medical team; (2) making progress with her eating disorder; and (3) having lab and blood work monitored. To this end, Reverend Frances Kay, principal of the Day School, worked with Bernard to develop a reporting rubric that her medical team would regularly fill out for Bernard to give to Kay.

Upon Bernard's return to work, Kay immediately began to receive complaints about Bernard's performance in the classroom. Kay testified that she received complaints that Bernard was not engaging with the class, that she had not learned her students' names, that she spent her time writing thank-you cards when she should have been preparing for upcoming lessons, and that she was unable to follow a lesson plan left for her when the other lead

2

teacher was not in the classroom. Although Bernard testified that she was in no way unprepared to return to work and that she never wrote thank-you notes when she should have been preparing for class, the district court found Kay's testimony to be more credible.

On Bernard's second day back at work, her nutritionist indicated on a rubric given to Kay that Bernard was not meeting her expectations in making progress with her anorexia. On Friday, October 19, about two weeks after Bernard returned to work, her medical team informed her that it was discontinuing treatment because she continued to lose weight. Bernard met with Vice Principal Yakupzack in the Day School parking lot and told Yakupzack about the discontinuation of treatment. Yakupzack consoled Bernard, who was distraught, and advised her to return home for the rest of the day. Later that day, Bernard sent an e-mail to another Day School teacher saying that her medical team was discontinuing her treatment and that she was unsure when she would return to work. This e-mail was forwarded to Kay the following Tuesday. Bernard also sent an e-mail to the Day School business manager on Sunday, October 21, to inquire about pay options; this e-mail was forwarded to Kay the same day.

Bernard did not return to work the next Monday or Tuesday. Nor did she fill out an absence form or contact Kay or Yakupzack to notify them of her absence, as the Day School handbook required. Kay decided to terminate Bernard's employment on Monday, October 22, and sent a termination letter two days later.

At the end of November, Bernard's new physician cleared her to return to work. Bernard met with Kay and requested reinstatement, but Kay explained that this was impossible because a replacement had already been hired.

No. 15-30053

Bernard sued the Day School in the Western District of Louisiana under the FMLA, the Americans with Disabilities Act, and state law. The district court granted the Day School's motion for summary judgment as to all claims except those arising under the FMLA, namely, that the Day School interfered with Bernard's rights under the FMLA and that it failed to provide proper notice of those rights. After a bench trial, the district court ruled in favor of the Day School on both claims.

On appeal, Bernard argues that the district court erred when it: (1) found that she did not notify the Day School of her need for leave; (2) ruled that she had not established injury as a result of not receiving individualized notice; (3) refused to credit her testimony that she would have asked for FMLA leave if she had known it was available; and (4) found that the Day School terminated her for valid reasons unrelated to any request for leave.

## II.

We review the district court's factual findings following a bench trial for clear error, and we review its conclusions of law de novo. *Vine St. LLC v. Borg Warner Corp.*, 776 F.3d 312, 315 (5th Cir. 2015). We must give due regard to the district court's credibility evaluations, and the burden of showing that the district court's findings are clearly erroneous is heavier if the credibility of witnesses was a factor in its decision. *French v. Allstate Indem. Co.*, 637 F.3d 571, 577 (5th Cir. 2011).

## A.

To prevail on an interference claim, an employee must prove that her employer interfered with, restrained, or denied the exercise of FMLA rights. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Bernard made no attempt to show that the Day School tried to obstruct or prevent her from taking FMLA leave, so her interference claim rests on her argument that she was entitled to reinstatement when she requested it and was denied in late

4

November or early December 2012. However, a plaintiff's right to reinstatement is extinguished when her employer makes the decision to terminate employment for otherwise appropriate reasons unrelated to the exercise of rights under the FMLA. *Shirley v. Precision Castparts Corp.*, 726 F.3d 675, 682 (5th Cir. 2013). The burden is on the employer to show that an employee would not otherwise be employed at the time reinstatement was requested. *Id.* at 681–82.

Even assuming that, on the day she was terminated, Bernard had put the Day School on valid notice of her intention to take FMLA leave, the district court did not clearly err in finding that the Day School terminated her for a legitimate reason, which precludes recovery on her interference claim. *See Shirley*, 726 F.3d at 683 ("[A] legitimate cause for termination would preclude [an] FMLA claim . . . ."). The Day School handbook identifies several characteristics of professional excellence that its teachers must exemplify, and the district court found that Bernard was failing in more than one area. Specifically, Kay testified that Bernard was lacking in: (1) consistency and reliability; (2) authentic assessment; (3) enthusiasm; (4) emotional engagement; (5) commitment to colleagues; and (6) leadership. Kay supported this assessment by pointing to complaints that Bernard had not learned her students' names, was not properly prepared for class, and could not follow the lesson plan. Bernard also failed to follow protocol for notifying the Day School of her absence on the day Kay decided to terminate her. Given these facts, the district court did not clearly err in finding that the Day School had valid cause to terminate Bernard's employment. Because the district court found that Bernard was validly terminated for reasons unrelated to any exercise of FMLA rights, it correctly determined that she was not entitled to reinstatement and that her interference claim fails.

5

No. 15-30053

### B.

To recover under the FMLA for failure to provide individualized notice, a plaintiff must show that the employer failed to comply with the notice requirement and that this noncompliance impaired the plaintiff's ability to exercise her rights under the FMLA, causing prejudice. *Downey v. Strain*, 510 F.3d 534, 541 (5th Cir. 2007). The burden of proof is on the plaintiff. *Id.*

Bernard claims that the Day School never gave her individualized notice of leave available under the FMLA and that she would have taken this leave had she been aware of it. However, the district court found that Bernard failed to show how a lack of individualized notice caused her injury because she admitted that she was aware of the long-term leave that was available to her. The district court did not credit Bernard's testimony regarding prejudice, explaining:

> Bernard testified that had she been aware of available FMLA leave, she would have requested the leave as soon as she knew it was needed. However, this statement cannot be logically resolved with the fact that Bernard knew that she had long-term leave available. Although Bernard did not know what *type* of leave was available, she was aware that she was entitled to leave. Her testimony that she would have taken different action had she been informed that the leave available was FMLA leave is not credible.

We defer to this reasonable credibility determination. See *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000) ("We cannot second guess the district court's decision . . . to discount a witness' testimony.").

Bernard's reliance on *Downey* is unavailing. The plaintiff in *Downey* "proved that she was actually prejudiced by her employer's noncompliance with the regulations: had she received individualized notice, she would have been able to postpone her surgery to another FMLA period" and avoid being transferred to a worse position upon returning to work. 510 F.3d at 541. Here, in contrast, the lack of individualized notice had nothing to do with Bernard

6

not taking leave or losing her job. The Day School's long-term leave program was more generous than what the FMLA required, and Bernard was aware of the leave program and had participated in it. Bernard nevertheless returned to work before exhausting her leave under the program, and she testified that she knew she could have taken more partially paid time off under the program. Nothing suggests that Bernard would have chosen to take additional leave if she had known that she had a right to medical leave arising under the FMLA. Accordingly, the district court did not clearly err in finding that Bernard was not prejudiced by the Day School's failure to provide individualized notice.

## III.

For the foregoing reasons, we AFFIRM the district court's judgment.